## Case No. 5,937.

HALL et al. v. JONES et al.

[3 Ban. & A. 455;[1] 14 O. G. 378.]

Circuit Court, D. New Jersey. Sept. 24, 1878.

PATENTS—WHEN REISSUED—PATENTABILITY.

The reissued patent No. 5,366, granted to complainants April 22d, 1873, for improvement in hubs for vehicles (the original letters patent, numbered 61,900, having been granted to Alma Warner, February 5th, 1867), *held* to be valid, and the invention therein claimed to be patentable, and that said reissued patent is infringed by the defendants.

[See note at end of case.]

[This was a suit in equity by Elihu Hall and others against Phineas Jones and others

---

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

for an injunction, account, profits, and damages for an infringement of certain letters patent granted to the complainants April 22, 1873, for improvement in hubs for vehicles.]

Thomas P. How, for complainants.
Charles F. Blake, for defendants.

NIXON, District Judge. This suit is brought by the complainant, a joint stock company, against the defendants, who are partners in business, for an injunction, account, profits and damages for infringement of certain reissued letters patent No. 5,366, granted to the complainants April 22d, 1873, for improvement in hubs for vehicles; the original letters patent, numbered 61,900, being granted to Alma Warner, February 5th, 1867. The answer of the defendants alleges: 1. That the reissue is void because it contains and claims other and different things than were described and claimed in the original patent; 2, that Warner was not the original and first inventor; and 3, that the defendants have not infringed any of the legal or equitable rights of the complainants.

The matter in controversy concerns the construction of wagon-wheels. The Warner invention is claimed by the complainants to be a patentable improvement upon the Sarven wheel, which may be briefly described to consist of a wooden hub, mortised to receive each alternate tenoned spoke, and the other alternate spokes being shaped at the base in the form of a wedge to fit between the alternate spokes first mentioned, the end of the wedge being cut off and a shallow corresponding notch being cut in the hub to receive it. Circular angle-irons are then driven upon the hub, on each side of the plane of the spokes, and are fastened together with small bolts through the spokes. There is thus formed around the outside of the hub, by the arrangement of the spokes, a continuous belt of solid wood. Strength is given to the structure by the two radial bands arranged on each side of the spokes, flanged so as to rest upon the surface of the hub, and to bear against the face of the spokes, and firmly united together by the bolts through the spokes as aforesaid.

It is claimed that the complainants' patent, the Warner invention, differs from this in important particulars: It has the mortised central hub; it has the metallic ring surrounding it—not two rings held together by bolts, but a single ring with its flanges united by means of webs that form the tapering sockets, into which the shoulders of the spokes are driven. The complainants insist that the annulus thus constructed produces a result which the rings of the Sarven patent are not capable of producing. The spokes that enter these tapering sockets do not rest upon the hub. The end support which they receive is not derived from the hub, but from the sockets, arising from their cuneiform shape, and hence the strain caused by the use of the

wheel is not transmitted to the hub, as it is in the Sarven invention. An equally strong wheel is thus obtained from a much smaller hub by the use of the Warner patent. The Warner wheel is further claimed to be an improvement upon the Sarven patent, inasmuch as the web cast between the flanges of the ring separates the spokes and gives to each a firm metallic support, and, dispensing with the bolts, imparts to every spoke the capacity of self-tightening in case of the shrinkage of the wood.

I am not to decide whether the Warner patent in any respect infringes the Sarven. If that were the question I should not hesitate to follow the late Judge Woodruff, of the Second circuit, who held that the second claim of the Sarven reissue was for a combination of three old devices, to wit; a wooden hub, tenoned spokes and flanges on each side of the spokes bolted together to assist in resisting lateral strain, and that the combination was infringed by the Warner wheel. But the question is whether there is any peculiar patentable quality in the invention of the complainants, outside of the Sarven combination, which the defendants have infringed, and from the continued use of which they should be enjoined. The case is not clear from difficulty, but the difficulty arises more in ascertaining the extent than the fact of the infringement. In other words, it is not easy to decide, in a controversy between other parties, how much of the merits and value of the Warner wheel is due to the invention of Sarven, and how much is due to the invention of Warner. That matter, however, may be inquired into on the reference.

It would serve no useful purpose to exhibit in detail the reason for the conclusions to which I have arrived. Let it suffice, that I have given the testimony, the exhibits, and the very able arguments of the respective counsel an earnest consideration, and that I am of the opinion: 1. That there is a distinct though, perhaps, narrow ground that the Warner patent may occupy, which is not covered by the Sarven invention. 2. That there is enough disclosed in the specifications, drawings, and model of the original Warner patent to authorize and justify the claims of the second reissue. 3. That the structures manufactured and sold by the defendants infringe the first, second, and third claims of the said reissue. 4. That there should be a decree for the complainants for an injunction and an account, and it is ordered accordingly.

[NOTE. In Sarven v. Hall, Case No. 12,369, Woodruff, Circuit Judge, held that the Warner patent was an infringement upon the second claim of letters patent granted to James D. Sarven, June 9, 1857, and reissued August 11, 1868. In a subsequent proceeding between the parties, the same judge issued an injunction, restraining the defendants from manufacturing the wheels, although a change had been made in the construction, which it was claimed avoided the former decree, and the patent itself. Case No. 12,370.]